# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| DRAKE A. EDWARDS, | : | |
| Plaintiff, | : | Case No. 3:07cv0438 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| CITY OF DAYTON, et al., | : | |
| | : | |
| Defendants. | | |
| | : | |

## REPORT AND RECOMMENDATIONS[1]

This action is before the Court for review prior to issuance of process. Plaintiff, Drake A. Edwards was granted leave to proceed *in forma pauperis* under 28 U.S.C. §1915. 28 U.S.C. §1915(e)(2) as amended by the Prison Litigation Reform Act of 1995 Title VIII of P.L. 104-134, 110 Stat. 1321(effective April 26, 1996)(the "PLRA") provides in part as follows:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that:
> (B) the action or appeal --
> (i) is frivolous or malicious;
> (ii) fails to state a claim upon which relief can be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous under this statute if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v.*

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

*Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989). In deciding whether a complaint is "frivolous," the Court does not consider whether a plaintiff has good intentions or sincerely believes that he or she has suffered a legal wrong. Rather the test is an objective one: does the complaint have an arguable basis in law or fact? It is appropriate for a court to consider this question *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke,* 490 U.S. at 324*; McGore v. Wrigglesworth,* 114 F. 3d 601 (6th Cir. 1997).

> Edwards, proceeding *pro se*, has sued the City of Dayton and Officer Coleman alleging:
>
> On or about Oct. 20, 2007, Officer Coleman stop and detain me for no probable cause. He began to questioning me. He asked me who sell drugs out here I said I out here visiting my wife why are you detaining me. He stated I know you, you are the one who wants to be a Dayton cop, he said that to ferret me out of info plus he was trying to interrogate me without probable cause and profile me for no reason. In my opinion he acted unprofessional conduct of an officer, fruits of the poison stop didn't read me any rights trying to ferret incriminating info, and in my opinion he is a Jim Crow puppet cop used against his own people because he has inferiority complex, Napaloen syndrome and low self esteem. I recommend that he get help with his personality disorder. (Doc. # 1 at 2).
>
> Plaintiff seeks $662,000,000.00, because it will "take the pain away." *Id.*

In enacting the original IFP statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992)(quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress authorized the United States District Courts to dismiss an IFP Complaint if they are satisfied that the action is frivolous or fails to state a claim. *Denton*, 504 U.S. at 31; *see* 28 U.S.C. §1915(e)(2)(B)(i).

Viewing the Complaint through lens of §1915(e)(2)(B)(i), the Court asks whether the

Complaint raises a claim with a rational or arguable basis in fact or law; if not, it is frivolous or malicious and subject to dismissal. *See Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when, for example, the defendant is immune from suit or when the plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or irrational or "wholly incredible." *Denton*, 504 U.S. at 32; *see Lawler,* 898 F.2d at 1199.

In *Florida v. Royer*, 460 U.S. 491, 497, 103 S.Ct. 1319, 75 L.Ed.2d 229 (1983), the Supreme Court stated:

> [L]aw enforcement officers do not violate the Fourth Amendment by merely approaching an individual on the street or in another public place, by asking him if he is willing to answer some questions, by putting questions to him if the person is willing to listen, or by offering in evidence in a criminal prosecution his voluntary answers to such questions. Nor would the fact that the officer identifies himself as a police officer, without more, convert the encounter into a seizure requiring some level of objective justification. The person approached, however, need not answer any question put to him; indeed, he may decline to listen to the questions at all and may go on his way. *Id.* (citations omitted)

In short, the encounter described by Plaintiff does not amount to a seizure. A police officer does not need reasonable suspicion or probable cause before approaching an individual to make an inquiry. See *United States v. Alston*, 375 F.3d 408, 411 (6th Cir.2004) (holding that the defendant's encounter with police officers, who approached her in an airport because they suspected her of drug trafficking, did not constitute a seizure under the Fourth Amendment because a reasonable person under those circumstances would have felt free to leave). Plaintiff's Complaint should be dismissed under §1915(e)(2)(B)(ii) because it fails to state a claim upon which relief may be granted, or alternatively, under §1915(e)(2)(B)(i) because it is

frivolous due to the absence of any claim or relief with an arguable basis in federal law.

### IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's Complaint be **DISMISSED** with prejudice;

2. The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of would not be taken in good faith and therefore denies Plaintiff leave to appeal *in forma pauperis*. If so certified, Plaintiff, a non-prisoner, would remain free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999); and,

3. The case be terminated on the docket of this Court.

November 15, 2007

          s/Sharon L. Ovington
           Sharon L. Ovington
           United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).